UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARD DEVAUX </br></br> Plaintiff </br></br> vs. </br></br> GLOBAL CREDIT & COLLECTION CORP </br></br> & </br></br> CAPITAL ONE SERVICES, LLC </br></br> Defendants | Case Number: </br></br> CIVIL COMPLAINT </br></br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Bernard Devaux, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Bernard Devaux, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Global Credit & Collection, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against both Defendants for Breach of Contract, violations of the North Carolina Debt Collection Act and the North Carolina Consumer Economic Protection Act.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, Global, maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Bernard Devaux, is an adult natural person residing in Hope Mills, North Carolina. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Global Credit & Collection Corp, ("Defendant, Global Credit"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of New York and the State of Ohio, with a primary address located at 300 International Drive, Suite 100, Williamsville, NY 14221.

6. Defendant, Capital One Services, LLC, ("Defendant, Capital One") at all times relevant hereto, is and was a corporation in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the State of Ohio and the Commonwealth of Virginia, with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Global Credit, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about December 7, 2010, Plaintiff along with assistance from his personal legal counsel entered into a settlement arrangement on a debt allegedly owed to Defendant, Capital One. **See "EXHIBIT A" (letter) attached hereto**.

9. Plaintiff had a balance due of approximately $2,567.79.

10. Defendant, Global, offered the Plaintiff the ability to settle the account for $1,154.15.

11. Plaintiff was to make 10 Monthly payments to Defendant, Global, starting with the first payment due on or before December 20, 2010 and continuing through August 24, 2011.

12. Plaintiff's initial payment for $175.00 was issued to Defendant, Global, on or before December 9, 2010.

13. Defendant, Global, accepted and did not return this payment.

14. Plaintiff then issued the next eight (8) payments to Defendant, Global, starting in January, 2011 as agreed upon.

15. Defendant, Global, accepted and did not return any of these payments.

16. On or about August 9, 2011, Plaintiff issued the final payment in the amount of $311.00 to Defendant, Global.

17. On or about August 18, 2011, Defendant, Global, returned this payment along with a letter advising the Plaintiff that his account had been returned to Defendant, Capital One. **See "EXHIBIT B" (check & letter) attached hereto**.

18. Plaintiff was encouraged to contact Defendant, Capital One, to establish a new payment series.

19. Defendant, Global, did not mention honoring the settlement arrangement that was already in place.

20. On or about August 23, 2011, Plaintiff's legal counsel faxed a Power of Attorney (POA) to Defendant, Capital One. **See "EXHIBIT C" (POA) attached hereto**.

21. On or about August 30, 3011, Plaintiff's legal counsel called Defendant, Capital One, and spoke with an agent by the name of "Karen", informing her that a POA and a copy of the settlement letter had been faxed and they wanted to discuss honoring the settlement that was in place with the Plaintiff.

22. Defendant's agent, "Karen", informed Plaintiff's legal counsel that this would take thirty (30) days to process.

23. Plaintiff's legal counsel heard nothing back from Defendant, Capital One, after sixty (60) days.

24. To date, Capital One, has not replied to Plaintiff's attorney's request to review the settlement arrangement that was in place.

25. On or about November 21, 2011, Defendant, Capital One, sent Plaintiff a letter informing him that Defendant, Global, was no longer servicing his account. **See "EXHIBIT D" (letter) attached hereto**.

26. Defendant, Capital One's, letter does instruct the Plaintiff to send future payments to them; it does not specifically reference the Plaintiff's agreed upon settlement.

27. Defendant, Global Credit and Defendant, Capital One, have failed to honor the settlement agreement that was promised and in place between themselves, and the Plaintiff.

28. This breach is at no fault of the Plaintiff, who was making payments as agreed upon.

29. The Defendants, Global Credit, and Capital One, both acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

30. The Defendant, Global Credit, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Global Credit, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant, Global Credit, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Global Credit, herein.

32. At all times pertinent hereto, the conduct of Defendants, Global Credit and Capital One, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendants, Global Credit and Capital One's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### (Plaintiff v. Global Credit)

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant, Global Credit, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Global Credit, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II -BREACH OF CONTRACT

**(Plaintiff v. Global Credit and Capital One)**

37. The above paragraphs are hereby incorporated herein by reference.

38. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Global Credit and Capital One, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

39. Plaintiff fulfilled his contractual obligation by making payment timely.

40. Defendants, Global Credit and Capital One, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Global Credit and Capital One, for the following:

    a. Actual damages;

    b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    c. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### (Violation of the North Carolina Debt Collection Act)

### (Plaintiff v. Global Credit and Capital One)

41. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

42. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

    a. Caused the telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of N.C. Gen. St. §75-52(3);

b. Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding in violation of N.C. Gen. Stat. §75-54(4);

c. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of the N.C. Gen. Stat. §75-54 and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with NCDCA

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, Global and Capital One, for the following:

a. Actual damages;

b. Statutory damages pursuant to N.C. Gen. Stat. §75-56(b):

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT IV

### (Violation of the North Carolina Consumer Economic Protection Act)

### (Plaintiff v. Global Credit and Capital One)

43. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

44. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

    a.    Caused the telephone to ring or engaging Plaintiffs in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of N.C. Gen. St. §58-70-100(3);

    b.    Falsely representing the character, extent, or amount of a debt in violation of N.C. Gen. St. §58-70-110(4);

    c.    Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110; and

    d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Global and Capital One, for the following:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $4,000 of each violation of the NCCEPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this honorable court

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: December 14, 2011

BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff
bkw@w-vlaw.com